IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MILTON A. NELSON,**
Petitioner,

v.                    Civil No. 03-2286 (PG)
                      Crim. No. 97-245 (2)(PG)

**UNITED STATES OF AMERICA,**
Respondent.

## OPINION AND ORDER

On February 5, 1998, a Federal Grand Jury returned a One-Count Superseding Indictment charging Petitioner Milton A. Nelson ("Petitioner" or "Petitioner Nelson") along with thirteen (13) other co-defendants for participating in a conspiracy to possess with intent to distribute 1,000 kilograms of cocaine, five (5) kilograms of heroin and 5,000 pounds of marihuana, in violation of 21 U.S.C. § 846.

On October 1, 1999, Petitioner was found guilty by a jury (Crim. D.E. # 500)[1], and was sentenced on February 11, 2000, to a term of imprisonment of 239 months with a supervised release term of 10 years. (Crim. D.E. #569).

On February 7, 2003, Petitioner's conviction and sentence were affirmed on direct appeal by the U.S. Court of Appeals for the First

---

[1] Crim. D.E. is an abbreviation for Criminal case docket entry number.

Civil No. 03-2286 (PG)
Criminal No. 97-245(2)(PG)                                    Page 2

Circuit. See United States v. Nelson-Rodríguez, 319 F.3d 12 (1st Cir. 2003).

Subsequently, Petitioner brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (D.E. # 2)[2]. On March 29, 2005, Magistrate Judge Vélez-Rivé issued a Report and Recommendation ("R & R") recommending that the Petition be dismissed on all grounds put forth by Petitioner Milton. (D.E. # 21).

On August 23, 2007, this Court adopted the Magistrate's Report and Recommendation (D.E. # 32 & 33). However, inasmuch as this Court found that Petitioner had timely filed Objections to the Report and Recommendation (D.E. # 25), the Order and Judgment of August 23, 2007 was vacated on December 11, 2007. (D.E. # 41). Afterwards, the Court considered the Objections filed by Petitioner Milton.

For the reasons that follow, the Court accepts and adopts the R & R.

**I. DISCUSSION**

**A. Objections to the Report and Recommendation**

28 U.S.C. § 636(b)(1) provides the means whereby a district judge may refer a matter to a magistrate judge for findings and a recommendation as to the disposition of the matter. Parties objecting to such findings and recommendations may file the objections "[w]ithin ten days after being served with a copy." 28 U.S.C. §

---

[2]D.E. is an abbreviation for docket entry number.

Civil No. 03-2286 (PG)
Criminal No. 97-245(2)(PG)                                      Page 3

636(b)(1). Thereafter, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *id*. If objections are timely filed, the district court shall "make a *de novo* determination of those portions of the report or specified findings or recommendations to which [an] objection is made. " <u>Rivera-de-León v. Maxon Engineering Services, Inc.</u>, 283 F.Supp. 550, 555 (D. Puerto Rico 2003). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. <u>See</u> <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419 (5th Cir. 1987). Further, where the objecting party makes general or conclusory objections to the report and recommendation as a whole without specifying to which issues in the report he is objecting, or where a party's objections are simply a repetition of the arguments he made to the magistrate judge, a *de novo* review is unwarranted. Instead, the report and recommendation is reviewed by the district judge for clear error. <u>See</u>, *e.g.*, <u>Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan</u>, 806 F.Supp. 380, 382 (W.D.N.Y.1992)( "It is improper for an objecting party to ... submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the

Civil No. 03-2286 (PG)
Criminal No. 97-245(2)(PG)                                         Page 4

Magistrate Judge. Clearly, parties are not to be afforded a "second bite at the apple" when they file objections to a Report and Recommendation." ). Those portions of a Report and Recommendation to which a party has not specifically objected will be adopted by the Court as long as those sections are not clearly erroneous. See Fed.R.Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140(1985).

As to the Magistrate's R & R, that neither side objected to, this Court will review such under a clearly erroneous standard. After due consideration, the Court is of the opinion that the Magistrate Judge's R &R, that neither side objected to, was neither clearly erroneous nor contrary to law and should therefore be adopted.

As to the portions of the R & R which objections were timely filed by Petitioner, this Court will now engage in a *de novo* review of the R & R.

**B. Objections to the Magistrate's Report and Recommendation**

Here, Petitioner attempts to conceal his effort to simply reiterate the arguments he made to Magistrate Judge Vélez-Rivé. Petitioner's Objections received June 8, 2005 state general objections to the Report and Recommendation that constitute nothing more than a rehashing of the original arguments made in his original Petition. Petitioner complains that the Magistrate-Judge recommended that Petitioner's "§ 2255 motion be denied without an evidentiary hearing because the motion purportedly lacks merit." See, Objection,

Civil No. 03-2286 (PG)
Criminal No. 97-245(2)(PG)                                         Page 5

P. 11, (D.E. # 25). Petitioner attributes the following errors to the R & R: (1) the Magistrate Judge erred in recommending denial of Nelson's Section 2255 motion without an evidentiary hearing, See Objection, P. 11, (D.E. # 25); (2) An evidentiary hearing is necessary to resolve whether counsel was ineffective for failing to call Nelson to testify, See Objection, P. 12, (D.E. # 25); (3) An evidentiary hearing is necessary to resolve whether counsel was ineffective for failing to conduct an adequate investigation and for failing to introduce exculpatory information of a Colombian and Puerto Rican "Nelson", See Objection, P. 15, (D.E. # 25); (4) An evidentiary hearing is necessary to determine whether the Government violated Nelson's due process rights at sentencing by arguing inconsistent theories of Nelson's involvement with the distribution of 50 kilograms of cocaine, See Objection, P. 19, (D.E. # 25).

In essence, Plaintiff is requesting a second opportunity to present the same issues he already presented to Magistrate Judge Vélez-Rivé.

**C. Discussion of Recommendation in light of Objections**

**1) Evidentiary Hearing**

Petitioner cites to DeVicent v. United States, 602 F2.d 1006, 1009 (1st Cir. 1979) and requests an evidentiary hearing on his Petition. That case involved wholly unrelated claims that are factually inapposite to the instant case.

Civil No. 03-2286 (PG)
Criminal No. 97-245(2)(PG)                                          Page 6

There is no presumption in favor of an evidentiary hearing under § 2255. <u>United States v. McGill</u>, 11 F.3d 223, 225-26 (1st Cir. 1993). Rather, the § 2255 Petitioner bears the usual burden of persuading the Court that his motion cannot be effectively "heard" on the papers. *id*. at 225. An evidentiary hearing is unnecessary when the Petitioner's allegations merely state conclusions instead of facts, are contradicted by the record, inherently incredible, or invalid as a matter of law. *id*. at 226 (citations omitted); <u>United States v. Mosquera</u>, 845 F.2d 1122, 1124 (1st Cir. 1988). In addition where, as here, a § 2255 petition is brought before the judge who also presided at the previous proceedings, the judge may make findings based on his own knowledge of the proceedings without convening an additional hearing. <u>McGill</u>, 11 F.3d at 225.

Pursuant to the Court's statements above, it finds that on the face of the record Petitioner is not entitled to any relief on the face of his Petition because he has not satisfied either prong of the <u>Strickland</u> test, *infra*, to demonstrate ineffective assistance of counsel. Therefore, the Court denies Petitioner's request for an evidentiary hearing on his Petition.

**2) Ineffective Assistance for Preventing Petitioner from Testifying at Trial**

Petitioner Nelson now claims that defense counsel's advice that Petitioner not testify on his own behalf at trial was ineffective and lacked any trial strategy. The Court does not agree. Counsel's

Civil No. 03-2286 (PG)
Criminal No. 97-245(2)(PG)                                         Page 7

advice that Petitioner refrain from taking the stand in his own defense reflects sound trial strategy and therefore cannot be deemed ineffective under the <u>Strickland</u> test. If Petitioner had taken the stand, Petitioner would have opened the door to impeachment evidence of his prior felony conviction.  <u>See</u> Fed.R.Evid. 609(a)(1).

The instant case is not a situation where the Petitioner Nelson wanted to testify and was prevented from doing so by the Court or counsel.  Nor does the record contain anything which would alert the Court to a disagreement between the defense counsel and the client regarding whether he should take the stand.  This loose assertion fails to provide the Court sufficient facts of counsel's ineffectiveness.

Petitioner's allegation of his lawyer's ineffectiveness in not calling him to the stand fails to reach the adequate threshold as to how counsel was ineffective or the circumstances surrounding Petitioner's failure to take the stand at his trial.

**3) Whether counsel was ineffective for failing to conduct an adequate investigation and for failing to introduce exculpatory information of a Colombian and Puerto Rican "Nelson"**

Petitioner claims that his attorney should have objected to the admissibility of a recording that made reference to a "Nelson" when the same did not mention Petitioner by name or by any other identifiable means.

"In order to prove ineffective assistance, [a petitioner] must show (1) 'that counsel's representation fell below an objective

Civil No. 03-2286 (PG)
Criminal No. 97-245(2)(PG)                                          Page 8

standard of reasonableness'; and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " <u>Strickland v. Washington</u>, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); <u>see</u>, <u>Massaro</u>, 538 U.S. at 505 ("[A] defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial.")

In evaluating the first prong, *i.e.*, whether counsel's performance fell below an objective standard of reasonableness, " '[j]udicial scrutiny...must be highly deferential'" and the petitioner must overcome the " 'presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' " <u>Bell v. Cone</u>, 535 U.S. 685, 698, 122 S.Ct. 1843, 152 L.Ed2d 914 (2002)(quoting <u>Strickland</u>, 466 U.S. at 689, 104 S.Ct. at 2052). Concerning the second prong, *i.e.*, whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, "[i]t is not enough for the defendant to show that [counsel's] errors had some conceivable effect on the outcome of the proceeding." <u>Strickland</u>, 104 S.Ct. at 2067. Defendant bears the heavier burden of affirmatively showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *id*., 104 S.Ct. at 2068. In making the

Civil No. 03-2286 (PG)
Criminal No. 97-245(2)(PG)                                        Page 9

above determination a Court hearing an ineffective assistance claim must consider the totality of the evidence before it.

Applying the foregoing principles to Petitioner's allegation against counsel, it is apparent that he cannot prevail in this matter. The Petitioner failed to carry his burden of proof to show a reasonable probability that the outcome of the trial would have been different but for trial counsel's alleged deficient representation. Therefore, Petitioner Nelson failed to carry his burden to show prejudice from the alleged deficient representation. Accordingly, the allegation of ineffective assistance of counsel is denied.

More important, even though Petitioner Nelson has cast this argument under the rubric of ineffective assistance of counsel, the Court of Appeals addressed and rejected this claim. It is well settled in this Circuit that a prisoner may not use a Section 2255 Petition to relitigate questions that were raised and considered on direct appeal. Issues presented and resolved by a prior appeal will not be reviewed again by way of a § 2255 motion. Murchu v. U.S., 926 F.2d 50, 55 (1st Cir. 1991). In a collateral attack, a Petitioner may not litigate again issues already raised and rejected on direct appeal nor new issues that could have been, but were not, raised in direct appeal, absent an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F.3d 233, 240 (1st Cir.1993). As this issue was fully litigated

Civil No. 03-2286 (PG)
Criminal No. 97-245(2)(PG)                                    Page 10

in Petitioner's direct appeal, the Court declines to review this argument and dismisses this claim.

**4) Whether the Government violated Nelson's due process rights at sentencing by arguing inconsistent theories of Nelson's involvement with the distribution of 50 kilograms of cocaine**

The Court of Appeals adjudicated and denied this claim as follows:

> "Nelson argues that the district court erred in attributing 99.5 kilograms of cocaine to him. The court found that he was involved in the successful importation of 250 kilograms of cocaine and had a role in distributing 50 kilograms from that shipment. Torres testified that Rivera gave Nelson some unknown percentage of Rivera's own share of the cocaine from this shipment. Rivera also gave a percentage of his share to Caribe and to Chevere, but Torres did not know exactly how much each of the three defendants received; he only knew that together they received 50 kilograms. Nelson and Rivera, in recorded conversations, discussed the price at which they would be able to sell the cocaine. The court also found that he had a role in the attempted importation of 36 kilograms of cocaine and the transaction involving 6,000 pounds of marijuana. It also could have based its overall findings on Nelson's more general involvement in distributing Rivera's share of the cocaine. We see no clear error in the court's conclusion."
> Nelson-Rodríguez, 319 F.3d at 38-41.

The First Circuit rejected Petitioner's claim on the merits, and the ends of justice do not require this Court to consider the matter anew. Accordingly, this Court is precluded from entertaining Petitioner's claim.

The Court therefore accepts and adopts the R & R.

Civil No. 03-2286 (PG)
Criminal No. 97-245(2)(PG)                                    Page 11

**II. CONCLUSION**

Accordingly, Petitioner's habeas Petition (D.E. #2) is DENIED, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (D.E. # 2) is DISMISSED WITH PREJUDICE. The Petitioner may not appeal this Order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1). A certificate will be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). Thus, the Court declines to issue a certificate of appeal.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th of August, 2008.


                                        S/JUAN M. PÉREZ-GIMÉNEZ
                                        JUAN M. PÉREZ-GIMÉNEZ
                                        Senior United States District Judge